**STERNS & WEINROTH**
A Professional Corporation
Marshall D. Bilder (MB-1231)
Jason S. Feinstein (JF-8008)
50 West State Street, Suite 1400
Trenton, New Jersey 08607-1298
(609) 392-2100
Attorneys For Defendants, David E. Robbins, Esq. and Kaufmann, Feiner, Yamin, Gildin & Robbins, LLP

---

| | |
|---|---|
| GERALD R. SHARPE, JR. and NICHOLAS D'AMICO, | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY CIVIL ACTION NO. |
| Plaintiffs, | |
| v. | **DOCUMENT FILED ELECTRONICALLY** |
| DAVID E. ROBBINS, ESQ. and KAUFMANN, FEINER, YAMIN, GILDIN & ROBBINS, LLP, | **NOTICE OF REMOVAL** |
| Defendants. | |

**PLEASE TAKE NOTICE** that, on this date, defendants David E. Robbins, Esq. and Kaufmann, Feiner, Yamin, Gildin & Robbins, LLP, by its undersigned counsel, have filed this Notice of Removal pursuant to 28 U.S.C. §1446(a), in the office of the Clerk of the United States District Court for the District of New Jersey.

Defendants, by their undersigned attorneys, show:

1. Plaintiffs Gerald R. Sharpe, Jr. and Nicholas D'Amico brought an action against defendants in the Superior Court of New Jersey, Law Division, Monmouth County, by filing a Complaint and Jury Demand on February 21, 2007. A true copy of that Complaint and Jury Demand is annexed as Exhibit A.

2. The Summons, Complaint and Jury Demand was received by defendants on April 2, 2007. A true copy of the Summons is annexed as Exhibit B.

3. There have been no other proceedings in this action.

4. Plaintiff Gerald R. Sharpe, Jr. purports to be a resident of New Jersey with an address of 51 Wilzette Drive, Middletown, New Jersey.

5. Plaintiff Nicholas D'Amico purports to be a resident of New Jersey with an address of 105 Stavola Road, Middletown, New Jersey.

6. Defendant David E. Robbins is a resident of New York with an address of 3 Hilltop Lane, Oyster Bay, New York.

7. Defendant Kaufmann, Feiner, Yamin, Gildin & Robbins, LLP is a limited liability partnership with its principal place of business located at 777 Third Avenue, New York, New York.

8. The matter in controversy is alleged to be in excess of $75,000, exclusive of interest and costs.

9. Jurisdiction over the subject matter of this action is conferred on this Court by 28 U.S.C. §1441(a).

10. This Notice is filed with this Court within thirty days of defendants' receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon such action or proceeding is based," as provided by 28 U.S.C. §1446(b).

2

**PLEASE TAKE FURTHER NOTICE** that defendants, upon filing the Notice of Removal in the Office of the Clerk of the United States District Court for the District of New Jersey, has also filed copies of the Notice with the Clerk of the Superior Court of New Jersey, Monmouth County, 71 Monument Park, P.O. Box 1269, Freehold, NJ 07728, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. §1446(d).

                                    **STERNS & WEINROTH,**
                                    A Professional Corporation
                                    Attorneys for Defendants,
                                        David E. Robbins, Esq. and
                                        Kaufmann, Feiner, Yamin, Gildin &
                                        Robbins, LLP

                                By:   */s/ Jason S. Feinstein*
                                         Jason S. Feinstein

DATED:  April 23, 2007

3

# EXHIBIT "A"

Case 8:01-cv-01397-JAP-TJB Document 385 Filed 04/23/2007 Page 1 of 1 PageID: 6

GLENN A. BERGENFIELD, P.C.
212 Carnegie Center, Suite #102
Princeton, New Jersey 08540
(609)951-0088
Attorney for Plaintiff

FILED
MONMOUTH COUNTY

FEB 21 2007

CIVIL DIVISION MANAGER'
OFFICE

GERALD R. SHARPE, JR. and
NICHOLAS D'AMICO

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MONMOUTH COUNTY

         Plaintiffs

vs.

DOCKET NO: L-911-07

DAVID E. ROBBINS, ESQ. and
KAUFMANN, FEINER, YAMIN,
GILDIN & ROBBINS, LLP

**COMPLAINT & JURY DEMAND**

         Defendants

Plaintiffs, GERALD R. SHARPE, JR., residing at 51 Wilzette Drive, Middletown, New Jersey and NICHOLAS D'AMICO, residing at 105 Stavola Road, Middletown, New Jersey, by way of Complaint against the Defendants, DAVID E. ROBBINS, ESQ. and KAUFMANN, FEINER, YAMIN, GILDIN & ROBBINS, LLP, hereby say:

1.     The Defendant, David E. Robbins, Esq., is an attorney and an employee, member and shareholder of the Defendant, Kaufmann, Feiner, Yamin, Gildin & Robbins, LLP, a law firm of the State of New York with a principal place of business located at 777 Third Avenue, New York, New York.

2.     L.H. Ross & Company, Inc. (hereinafter called "LHR"), a corporation of the State of New York, was a registered broker-dealer and member of the National Association of Securities Dealers ("NASD"), Securities Investor Protection Corp. ("SIPC"). Its headquarters was in Boca Raton, Florida.

3.     LHR was founded in 1994 as a boutique firm, providing investment banking, brokerage and financial advisory services to high net worth clientele in the

1

RATNER ASSOCIATES
APR 1 6 2007

South Florida area. LHR's President was Franklyn Ross Michelin (hereinafter called "Michelin").

4. In 2002 LHR decided to expand its business and transform itself from a local firm to a nationwide provider of financial services.

5. In 2004 Sharpe and D'Amico were running in Red Bank New Jersey, the #1 producing brokerage office for Montauk Financial.

6. LHR invited Sharpe and D'Amico to take their clients and brokers and leave Montauk and start a new office for LHR in New Jersey. LHR and Michelin offered Sharpe and D'Amico $2,000,000 to make the move.

7. In or about March, 2004, Sharpe and D'Amico retained the legal services of the Defendants to perform all legal work necessary to perfect the agreement between LHR and Sharpe and D'Amico to open and run in Red Bank, New Jersey an LHR branch office.

8. Defendant, David Robbins, Esq. represented Sharpe and D'Amico.

9. Robbins was negligent in how he represented Sharpe and D'Amico in various ways including but not limited to, failing to learn if Michelin was being investigated, failing to have in the contract provisions that would protect Sharpe and D'Amico from any damages caused by the misconduct of LHR and Michelin, failing to advise his clients that the payment to them had to be non-refundable and not subject to any dispute since Sharpe and D'Amico were taking all their business with them and failing to advise them that structuring the $2,000,000 payment as a loan instead of as a non-refundable signing bonus could create difficulties.

10. On or about June 15, 2004, LHR and Sharpe and D'Amico entered into agreements prepared by Defendants.

11. The agreements provided for the payment by LHR to Sharpe and D'Amico the $2,000,000 as a signing bonus as an incentive for them to establish the LHR

RATNER ASSOCIATES
APR 1 6 2007

affiliate office in New Jersey. The Agreement, however, also structured the bonus as a loan that would be forgiven over time.

12. The agreements were executed by the parties in June 2004.

13. Sharpe and D'Amico and the Red Bank branch with 27 brokers and support staff moved to LHR and LHR paid Sharpe and D'Amico $1,000,000 of the $2,000,000 owed.

14. Within weeks of joining LHR, Sharpe and D'Amico learned that LHR was in violation of multiple rules of the NASD. Its traders in Florida were not licensed. It used false and deceptive means to solicit customers. In addition, a long-running criminal investigation of Michelin was revealed to Sharpe and D'Amico. LHR brokers poached clients of Sharpe and D'Amico.

15. Sharpe and D'Amico tendered their resignation from LHR on October 22, 2004. LHR was shut down by the NASD.

16. LHR soon filed for bankruptcy protection and Michelin soon went to jail in an FBI sting operation regarding the private placement for LHR.

17. On or about December 3, 2004, the trustee for LHR filed a Statement of Claim against Plaintiffs, Sharpe and D'Amico (and others) with NASD Dispute Resolution, Arbitration No: 04-08270. The Complaint sought, inter alia, repayment of the $1,000,000.

18. Sharpe and D'Amico retained the services of the Defendants to defend it in the NASD Arbitration and to prosecute their affirmative claims against LHR.

19. On January 19, 2005, Defendants, filed on behalf of Sharpe and D'Amico, an Answer to the Claim denying the allegations along with a Counterclaim seeking payment of the $1,000,000 balance of the $2,000,000 owed to Sharpe and D'Amico pursuant to the agreement, for payment of unpaid commissions and rebates and for loss of compensation as a result of their affiliation with LHR.

3

RATNER ASSOCIATES
APR 1 6 2007

20. The matter proceeded to an arbitration hearing in Newark, New Jersey on various dates between April 22, 2005 and July 11, 2006.

21. Defendants argued that Michelin and LHR had defrauded Sharpe and D'Amico and had not disclosed to them that both were in serious trouble at the time of the agreement. Defendants also argued that the $2,000,000 was a non-refundable signing bonus for Sharpe and D'Amico leaving Montauk and taking all their clients and brokers with them to LHR and that it was not actually a loan.

22. But the agreement contained no representations or warranties by LHR that it was in compliance with all securities laws at the time it induced Sharpe and D'Amico to leave Montauk. The agreement also neglected to state that the $2,000,000 was a non-refundable signing bonus and it called the payment a loan, even though it also called it a signing bonus.

23. On July 25, 2005, the Arbitration Panel issued an award that Sharpe and D'Amico were jointly and severally liable to repay to the trustee of LHR the approximate sum of $1,000,000 plus interest from July 14, 2006 until paid in full, denying the counterclaims of Sharpe and D'Amico.

24. In October, 2006, Sharpe and D'Amico settled with the Trustee for LHR for the amount of $600,000.

25. The Defendants deviated from the standard of care and were negligent in their representation of the Plaintiffs in how they drafted the contract, by not having representations and warranties that LHR and its principals were in compliance with securities laws, by not making clear in the contract that the $2,000,000 was a non-refundable signing bonus to Sharpe and D'Amico for leaving Montauk with all their business assets, and were otherwise negligent. As a result of the negligence of the Defendants, Plaintiffs have sustained damages.

WHEREFORE, Plaintiffs, GERALD R. SHARPE, JR. and NICHOLAS D'AMICO, demand judgment against the Defendants, DAVID E. ROBBINS, ESQ. and

4

RATNER ASSOCIATES
APR 1 6 2007

KAUFMANN, FEINER, YAMIN, GILDIN & ROBBINS, LLP, for damages, interest, costs of suit and attorneys fees.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues of the within action.

## DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designate Glenn A. Bergenfield as trial counsel on the within action.

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that the within action is not the subject of any other action pending or arbitration proceeding nor is any such action or arbitration proceeding contemplated. I further certify that there are no additional parties that we are aware of that should be joined as parties to this litigation at this time.

GLENN A. BERGENFIELD

Dated: February 16, 2007

RATNER ASSOCIATES
APR 1 6 2007

5

# EXHIBIT "B"

Case 3:07-cv-33189-700AP1-TJB Document 8-1 Filed 04/23/2007 Page 10 of 11 PageID: 12

GLENN A. BERGENFIELD, P.C.
212 Carnegie Center
Suite #102
Princeton, New Jersey 08540
(609)951-0088
Attorney for Plaintiff

---

| | |
|---|---|
| GERALD R. SHARPE, JR. and NICHOLAS D'AMICO | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MONMOUTH COUNTY |
| Plaintiff | |
| vs. | DOCKET NO: MON-L-911-07 |
| DAVID E. ROBBINS, ESQ. and KAUFMANN, FEINER, YAMIN, GILDIN & ROBBINS, LLP | SUMMONS |
| Defendant | |

FROM THE STATE OF NEW JERSEY,
TO THE DEFENDANT(S) NAMED ABOVE: Kaufmann, Feiner, Yamin, Gildin & Robbins, LLC

The Plaintiff(s) named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the County listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, Post Office Box 971, Trenton, New Jersey 08625-0971. A filing fee payable to the Clerk, Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 [$110 for Law Division and $105.00 for Chancery Division] and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If Judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services Office in the county where you live. A list of those offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one at the Lawyer Referral Services. A list of those numbers is also provided.

Dated: February 28, 2007

*Donald Phelan*
DONALD PHELAN, Clerk of the Superior Court

Name of Defendant to be Served:
Address of Defendant to be Served:

Kaufmann, Feiner, Yamin, Gildin & Robbins, LLP
777 Third Avenue, New York, New York

**RATNER ASSOCIATES**
APR 1 6 2007

KPYGR Received 4/6/07